NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERT NICKENS, Jr. | : |
| Plaintiff, | : Civil Action No. 20-14489-BRM-AME |
| v. | : OPINION & ORDER |
| MERCER COUNTY CORRECTIONAL CENTER, *et al.*, | : |
| Defendants. | : |

**ESPINOSA, Magistrate Judge**

This matter comes before the Court on Plaintiff's motion for the appointment of pro bono counsel [ECF No. 12] pursuant to 28 U.S.C. § 1915(e)(1). For the reasons that follow, Plaintiff's motion is denied.

**I.   BACKGROUND**

Plaintiff is a pre-trial detainee at the Mercer County Correctional Center ("MCCC"). On October 15, 2020, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 [ECF No. 1], alleging that MCCC's conditions violated health and safety standards related to preventing the transmission of COVID-19. After granting Plaintiff's application to proceed in forma pauperis [ECF No. 2], the Honorable Brian R. Martinotti, U.S.D.J., allowed Plaintiff's claims against Defendants Ellis, Hughes, and CFH Health Services, Inc. to proceed past the initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A [ECF No. 3].

1

In support of his motion [ECF No. 12], Plaintiff asserts the following: he cannot afford counsel, his imprisonment limits his ability to litigate, the case involves complex issues and requires "significant research and investigation," he has limited access to the law library and limited legal knowledge, the trial "will likely involve conflicting testimony, [and] counsel would better enable [P]laintiff to present evidence and [conduct] cross-examin[ations]," and that he tried unsuccessfully to obtain counsel.

## II.   DISCUSSION

Motions for the appointment of pro bono legal counsel are governed by 28 U.S.C. § 1915(e). This statute grants courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory right. See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Speller v. Ciccero, No. 13-1258, 2013 WL 1121377, *1 (D.N.J. Mar. 12, 2013).

Before analyzing the substance of the applicant's request for pro bono counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). Based upon Judge Martinotti's prior ruling,[1] the Court assumes this initial threshold is satisfied.

Next the Court must review the following factors (the "Tabron factors"):
(1) Plaintiff's ability to present his own case; (2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations;

---

[1] Judge Martinotti allowed Plaintiff's claims against certain Defendants to move past the initial screening of the complaint pursuant to § 1915 because of the "early nature of [the] proceedings, and out of the abundance of caution given the COVID-19 pandemic." [ECF No. 3 at 4.]

(5) whether the case will require the testimony of expert witnesses; and (6) whether Plaintiff can attain and afford counsel on his own behalf. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n.5). None of these factors are individually determinative and the list is not exhaustive. Id. at 458. Rather, the Tabron factors articulate important considerations used to evaluate a litigant's request for the appointment of pro bono counsel. Id.  The Court should also consider other factors, "such as the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time." Jenkins v. D'Amico, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing Tabron, 6 F.3d at 157-58).

Here, the six Tabron factors weigh against appointing pro bono counsel now.  First, Plaintiff has shown that he can adequately present his case through his filing of a complaint [ECF No. 1], an application to proceed in forma pauperis [ECF No. 1-3], the present motion [ECF No. 12], and other documents in this action. Plaintiff's lack of legal knowledge and training is common among pro se litigants and is not by itself enough to warrant the appointment of counsel.  See Hooks v. Schultz, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010).  Additionally, although Plaintiff has alleged that he has limited access to the law library, his prior filings demonstrate that he has adequate access to the court. See Porter v. Dooley, No. 09-6068, 2011 WL 13142465, at *5 (D.N.J. May 13, 2011) (denying the request for appointment of counsel despite plaintiff's limited library access, because plaintiff had sufficient access to the courts as demonstrated by his previous filings).

Second, the legal issues in this case are not overly complex. Plaintiff's complaint focuses on of the conditions of his confinement during the COVID-19 pandemic. More specifically, Plaintiff alleges a "lack of social distancing, lack of masks, lack of running showers for months

3

and lack of water fountains on his unit." Compl. at 1-2. Although Plaintiff argues otherwise, these are not complex issues in the Court's view.

Third, Plaintiff appears to be capable of performing any necessary investigations and taking discovery.

Fourth, this case will not turn on credibility determinations. Although Plaintiff contends that "the trial will likely involve conflicting testimony" [ECF No. 12], this is true of most cases and this factor only weighs against appointing pro bono counsel when the significance of credibility determinations renders the case "solely a swearing contest." See Parham, 126 F.3d at 460. Since this case would likely not be solely a swearing contest, this factor weighs against appointment. See id. at 461.

Fifth, given Plaintiff's allegations, it is unlikely that his claims would require expert testimony.

Sixth, although Judge Martinotti previously granted Plaintiff's application to proceed in forma pauperis [ECF No. 2], indigence alone does not warrant the appointment of counsel absent satisfying other Tabron factors. See Edwards v. Yates, No. 15-5780, 2017 WL 106320, at *3 (D.N.J. Jan. 11, 2017).

In sum, consideration of the Tabron factors above weighs against appointing counsel here. Moreover, the scarcity of pro bono lawyers, the insufficient funding to compensate pro bono counsel, and the value of lawyers' time, are additional factors that weigh against appointment of counsel at this time. Nevertheless, as this litigation progresses, the Court will monitor the considerations raised by Plaintiff and may later exercise its discretion to appoint counsel sua sponte if these considerations so warrant.

**III.   CONCLUSION AND ORDER**

For the foregoing reasons, Plaintiff's motion for the appointment of pro bono counsel is denied. Accordingly,

**IT IS** on this 28th day of July 2021,

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel [ECF No. 12] pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED**.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

5